IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL EDWARD FULKERSON, | |
| Petitioner, | 4:21CV3172 |
| vs. | |
| MERRICK GARLAND, U.S. Attorney General; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on preliminary review of Petitioner Michael Edward Fulkerson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Filing 1.) I conduct this review under Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts*, which is applicable to § 2241 petitions pursuant to Rule 1(b). *See also* 28 U.S.C. § 2243. For the reasons set forth below, I will dismiss the petition without prejudice for lack of subject matter jurisdiction.

Petitioner is an "American Citizen" residing in Gothenburg, Nebraska. (Filing 1 at CM/ECF pp. 1–2.) Petitioner names the United States Attorney General as Respondent and generally asserts that he "is being restrained of his liberty in violation of the Laws and Constitution of the United States" because "in 2006 in this District Petitioner was placed under an illegal FISA Warrant pursuant to the Foreign Intelligence Surveillance Act." (*Id*. at CM/ECF p. 1.) Petitioner alleges that he "has been continually electronically surveilled and harassed by the CIA for years and continues to the present day," that he "has never been convicted or charged with any Federal Crime," that he "is not an agent of any foreign power and is a US Citizen who has never traveled outside of the United States." (*Id*.) Petitioner claims that he is being restrained by Respondent and the United States government through their use of "Synthetic Telepathy" and "Telepathic Behavior Modification" against him based on his "protected First Amendment activity" as a

"Heavy Metal Musician and Author." (*Id.* at CM/ECF p. 2.) Petitioner alleges he "has a high pitched tone and he asserts that the technology is being delivered via wireless signal by respondent's agents in this district." (*Id.*) Petitioner claims this alleged restraint violates "the FISA Act 50 USC 1801 et seq, Due Process and the Fourth Amendment." (*Id.*) As relief, Petitioner asks that the "FISA Warrant be lifted and disclosed under 50 USC 1806(f)[,] that Petitioner be discharged from restraint and custody[,]" and "Respondent and its agents . . . be ENJOINED permanently from employ[ing] FISA electronic surveillance on Petitioner." (*Id.*)

Though Petitioner contends that a § 2241 habeas petition "is the proper proceeding to challenge the restraint by Respondent," (*id.*), the "restraint" alleged by Petitioner does not satisfy the "in custody" requirement for habeas jurisdiction. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). The habeas custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty," such as parole or release on one's own recognizance. *Hensley v. Mun. Court, San Jose-Milpitas Judicial Dist., Santa Clara*, 411 U.S. 345, 351 (1973) (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers" (internal quotation marks omitted)); *see also Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) (prisoner who is on parole is "in custody"). "Custody is tested at the time of filing the petition." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991).

Despite Petitioner's conclusory references to restraints on his liberty, he is not incarcerated, on parole (or a similar status), or seeking release from illegal custody. Rather, he purportedly seeks to enjoin Fourth Amendment and Due Process violations arising from alleged electronic surveillance and remove an

alleged FISA warrant lodged against him. Petitioner's allegations fail to establish that any severe restraint has been imposed on his liberty such that he is "in custody" for federal habeas purposes. *See Obado v. United States Gov't*, No. CV 20-12820 (FLW), 2021 WL 323763 (D.N.J. Feb. 1, 2021) (habeas petitioner not "in custody" based on alleged electronic surveillance and FISA warrant); *Black Lives Matter v. Cent. Intel. Agency*, No. 220CV06919ODWGJS, 2020 WL 4464717, at *3 (C.D. Cal. Aug. 4, 2020) (petitioner not in custody for habeas or any other purposes in this district "because of any putative FISA warrant and/or electronic surveillance, regardless of where this putative 'warrant' allegedly issued or the surveillance originated"). As habeas "is an extraordinary remedy . . . limited to cases of special urgency," Petitioner may avail himself of "more conventional remedies [since the alleged] restraints on [his] liberty are neither severe nor immediate." *Hensley*, 411 U.S. at 351. *See* 50 U.S.C. § 1810 (the Foreign Intelligence Surveillance Act provides a civil remedy for "[a]n aggrieved person . . . who has been subjected to an electronic surveillance").

IT IS THEREFORE ORDERED that Petitioner's habeas petition (filing 1) is dismissed without prejudice for lack of jurisdiction. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 5th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge